UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

IN RE:  
    Tiffany R. Barnett

CHAPTER 13  
BANKRUPTCY NO. 13-31944-THF

Debtor

### AGREED ORDER RESOLVING MOTION TO TERMINATE THE AUTOMATIC STAY

Movant, eCAST Settlement Corporation, (hereinafter "Creditor"), and Tiffany R. Barnett (hereinafter referred to as "Debtor(s)"), by and through the undersigned counsel, having resolved the Motion to Terminate the Automatic Stay previously filed herein by Creditor and the Court being otherwise sufficiently advised;

IT IS HEREBY AGREED, ORDERED, STIPULATED AND ADJUDGED AS FOLLOWS:

1. The Creditor has a valid, perfected and enforceable security interest in the following described collateral: 2006 Suzuki GXR1200R MC VIN: JS1GW71A762109947.

2. The amounts Debtor(s) owe to the Creditor are identified in Creditor's Proof of Claim previously filed herein.

3. The amounts Debtor(s) owe to the Creditor are to be paid under the provisions of the Chapter 13 plan, but there was a default on the payments at the time the Creditor filed its Motion to Terminate the Automatic Stay.  Payments to the Creditor by the Debtor(s) are: Direct.  The Debtor(s) acknowledge his/her/its account is past due for a total of $3,240.00.  The Debtor(s) ongoing contractual payments are variable, but are never less than $200.00 month and are due on or before the 1st day of each month beginning with the 1 July 2014 payment.  Additionally, the parties agree that eCAST Settlement Corporation shall be allowed to continue to enforce the remaining portions of the contract between them to the extent not inconsistent herewith, including, but not limited to eCAST Settlement Corporation right to access a late charge for any delinquent payments.

B3KW_0039A/14-12214

4.  Beginning with the July 1, 2014 payment, the Debtor(s) shall be given a 10 calendar day grace period during which to cure any default that occurs in the future.  If the default is not cured by the expiration of the 10 calendar day grace period, it is hereby agreed, and so ordered as follows: The §362 automatic stay shall be terminated upon Creditor filing Notice of Noncompliance with the Court and serving a copy on the Trustee.  Creditor has no obligation to provide Debtor(s) any further notice of the default or opportunity to cure.

5.  It is further agreed that should the Debtor(s) fail to provide and maintain in full force and effect insurance on the Creditor's security during the pendency of the repayment of the debt(s) owed to Creditor, showing Creditor as loss payee, and subject to any other requirements or restrictions set forth in the contract(s) between the parties or other Orders of this Court, then:  The Creditor may file a Notice of Default.  Debtor(s) shall then have a 10 day calendar grace period from the date that Notice of Default is filed with the Court to provide proof of continuous insurance coverage with no lapse in coverage as that coverage is defined in this paragraph, above.  Failure to provide proof of such continuous coverage within the 10 calendar day grace period will result in the immediate termination of the automatic stay without further order of the Court upon Creditor filing Notice of Noncompliance.

6.  Creditor is awarded attorney fees of $375 and costs of $176.  Attorney fees and costs shall be paid by the Trustee as an administrative priority expense directly to the Creditor.  Debtor(s) shall modify the plan as necessary to ensure payment of this additional expense.

7.  Arrears.  As of June 27, 2014, the arrearage owed by Debtor(s) to the Creditor equals $3,240.00. The Trustee shall pay this amount, inside the plan, as a secured claim at 0%.  Debtor(s) shall modify the plan as necessary to ensure payment of this additional expense.

8.  Debtor(s) shall work directly with the Trustee to address any administrative, or financial issues resulting from this Agreed Order.

9.  Upon the termination of the §362 automatic stay by the Court, by statute, law or by

operation of any provision herein, Debtor(s) shall immediately surrender Creditor's security to the Creditor to its authorized agent. Upon any failure to so surrender, Creditor is entitled to pursue its remedies under state or federal law or regulation to recover the property.  Further, Creditor shall have and Trustee shall pay any remaining balance on Creditor's allowed secured claim not satisfied by the liquidation of Creditor's security.  Creditor may files its amended claim for this amount within a reasonable time after the disposition of its security.

10.    If any grace period referenced in this Agreed Order falls on a Saturday, Sunday or legal holiday (as that term is defined at Bankruptcy Rule 9006 (a) ), then the Debtor(s) shall have until the next business day following that day to take the action proscribed in this Agreed Order.

11.    A default shall not be deemed cured unless funds sufficient to pay all past due payments, interest, late charges and any other fees or charges authorized by the contract(s) between the Debtor(s) and Creditor (including, but not limited to attorney fees and costs, where applicable), have been received by Creditor before the expiration of any grace period.  The undersigned counsel, nor anyone in counsel's firm, shall be considered Creditor's agent for receipt of the funds necessary to affect a cure nor any other payments on the debt(s) owed to Creditor by Debtor(s).  Any payment(s) to the undersigned counsel or counsel's firm shall be ineffective as a cure under this agreement, or satisfaction of the contractual monthly payment, unless agreed to, in writing, in advance of the payment of any such amount(s).  Said writing must be signed by Debtor(s), or their counsel AND Creditor's counsel to be effective.

12.    In the event that there is a Co-Debtor on the debt(s) covered by this agreement, that is protected under that stay found at 11 U.S.C. §1301, then a default under this agreement that is not properly or timely cured shall also act as a termination of that Co-Debtor stay without further notice to any such Co-Debtor.

13.    The parties agree and acknowledge that the terms of this agreed order will not survive

the closure, termination, dismissal or conversion of the Debtor's bankruptcy case.

14. The terms of this agreement resolve the basis of Creditor's Motion for Relief/Terminate the Automatic Stay and are within the scope of said Motion. That Motion afforded reasonable notice of the material provisions of this agreement, provided the parties receiving said Motion an opportunity to request a hearing and object, so further notice is not required.

Date: _____

                                       Judge
                                       United States Bankruptcy Judge

THIS ORDER TENDERED BY:

MAPOTHER & MAPOTHER, P.S.C.

HAVE SEEN AND AGREED TO:

                                       /s/ Jason A. Bauman per email authority 7/8/14

BY: /s/ Dennis Ostrowski          Counsel for Debtor
     Dennis Ostrowski               Jason A Bauman
     Counsel For Creditor          6801 Dixie Hwy Suite 229
                                         Attorney At Law
     815 W. Market Street, Suite 500,  Louisville, KY 40258
     Louisville KY 40202-2654
     (502) 587-5400
     Fax: (502) 587-5444
     loubknotices@mapother-atty.com

B3KW_0039A/14-12214

## CERTIFICATE

I hereby certify that the foregoing either has been sent electronically, or by first class mail to the persons on the attached matrix on the date that this pleading is filed with the court pursuant to Bankruptcy Rule 9014.

**MAPOTHER & MAPOTHER, P.S.C.**

By:  / s/ Dennis Ostrowski
      Dennis Ostrowski (#85449)
      Counsel for Creditor
      815 W. Market Street, Suite 500
      Louisville KY 40202-2654
      (502) 638-4961
      loubknotices@mapother-atty.com